CITATION BY CERTIFIED MAIL

Cause No: DC-18-47343

THE STATE OF TEXAS:
GIBSON, SCOTT L./ VANESSA L. 699888
-VS-
ZUCKERBERG, MARK
FACEBOOK
EXECUTIVE OFFICERS

IN THE 440TH JUDICIAL DISTRICT
COURT
OF
CORYELL COUNTY, TEXAS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP.99*

**TO: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
ZUCKERBERG, MARK
FACEBOOK
EXECUTIVE OFFICERS,**

**211 E.7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218**

**Defendant** - GREETING

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable GRANT KINSEY, 440TH JUDICIAL DISTRICT COURT of Coryell County, at the Courthouse in said County in Gatesville, Texas. Said Plaintiff's Petition was filed in said court on the 13th day of February, 2018 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Gatesville, Texas, this 31st day of January, 2019.

Attorney for Plaintiff or Plaintiff:
SCOTT/VANESSA GIBSON
699888
A. HUGHES UNIT
RT 2 BOX 4400
GATESVILLE, TX 75367

Clerk of the Court:
BECKY MOORE, DISTRICT CLERK
440TH JUDICIAL DISTRICT COURT
Coryell County, Texas
By: A Lamb
ASHLEY LAMB, DEPUTY

Becky Moore

CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 13th day of February 2018, at 9:45 o'clock A.M. and executed the 31st day of January 20 19 by mailing the same to CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY
ZUCKERBERG, MARK
FACEBOOK
EXECUTIVE OFFICERS Defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Petition were attached thereto.
By: A Lamb Deputy
Fee for Serving Citation $ Ø

Becky Moore

FEES – $ Ø
Cert# 9202 1901 0661 5400 0133 8792 23

Becky Moore, District Clerk
Coryell County, Texas
A Lamb Deputy

[Attach return receipts with addressee's signature to reverse side]

IN THE DISTRICT COURT

OF GATESVILLE TEXAS

DC-18-47343

SCOTT LYNN GIBSON-VANESSA LYNN, §

V. §

ZUCKERBERG, FACEBOOK, § TEXAS TORT CLAIM NO.

EXECUTIVE OFFICERS.

TEXAS TORT CLAIM: SIMPLE NEGLIGENCE AND GROSS NEGLIGENCE PURSUANT TO V. T.C.A. CIVIL PRACTICE AND REMEDIES CODE § 41.001

---

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Scott Lynn Gibson/Vanessa, and respectfully submits this Texas Tort claim and will show the Honorable Court the following:

1. STATEMENT OF THE CASE

This is a Texas Tort Claim. Plaintiff is suing the Defendant(s)-Facebook and its Chief Executive Officers for failure to enforce its safety polices that prohibits its customers to use

FILED 9:45 o'clock CORYELL COUNTY
FEB 13 2018
Janice McBray DISTRICT CLERK

its social media website to launch attacks angainst other people, threaten to murder or other wise post comments that would violate Texas Penal Code, which resulted in Plaintiff being injuried.

This case is not against TDCJ or its officers. However, TDCJ officers used Facebook to attack Plaintiff and incited violence against her for filing a law suit against TDCJ. Plaintiff has sued the Guards in Federal Court for violating her first Amendment rights to seek redress of grievance, and the District Court denied the Guards qualified immunity and set a trial date. See Exhibit (1) and (2).

## 2. JURISDITION

This Court has jurisdition pursuant to V.T.C.A. § 35.005 and because this suit raises Texas Tort Claims that violates Texas State laws.

## 3. VENUE

This Court is the appropriate venue because the alleged violations occurred in Gatesville Texas.

4. PLAINTIFF

Plaintiff Scott Lynn Gibson/Vanessa Lynn is a State prisoner and she is currently confined at the James Allred Unity located in Iowa Park Texas, 77637.

5. DEFENDANTS

The Defendant(s) is Facebook and its Chief Executive Officers (hereinafter C.E.O.) a social media Corporation that provides its customers an online forum that allows them to communicate with anyone in the world.

The Defendants owes Plaintiff and society the duty not to allow its customers to use its services to launch attacks angainst others, to incite violence that pose a serious risk to another person or to threaten to murder another person.

The Defendant(s) has a written policy that requiries its employees to monitor the contents that are posted on its website and to delete any harmful contents that a reasonable person could determine that could cause harm to another person, especially when it involves threats to murder someone or that encourages them to commit suicied or to injure themselves.

Facebook's C.E.O's are suppose to make sure its employess are enforcing its safety policies.

6. FACTS

In September of 2016 the Texas Observer ran a story about Plaintiff's law suit against TDCJ. In response to this article, TDCJ correctional officers Francois Jean-Baptiste and Susan Dias attacked Plaintiff on Facebook and Facebook did not delete the attacks. In fact, Officer Jean-Baptiste posted: "Realy, he's still going to fight it". Then he posted: "One to the back of the head".

Ms. Dias posted: "Gibson is in prison for murder and a deadly assault on a corectional officer...give him a state razor and a bandaid...do it yourself sex change...!" See Exhibit (1).

As a result, this prompted other prison guards to attack Plaintiff by writting her bogus cases, misgendering her to harass her, and encouraged her to casterate herself which pressured Plaintiff into attempting to cut her penis off and cutting her testicles with a razor.

This caused Plaintiff to bleed profusely and caused her severe physical and emotional pain.

The Defendants allowed Mr. Jean-Baptiste and Ms. Dias as well as other prison guards to use Facebook to attack her, and did not remove these post despite the fact they were clear threats against Plaintiff and posed a substantial risk of serious injury to her.

In Plaintiff's 42 U.S.C. § 1983 the Honorable Judge Robert Pitman ruled: "...It is difficult to imagine Defendant's alleged comments had any other motive besided retaliation considering they were posted online in response to the article...". See Exhibit (2) at page 6. In addition the Judge held: " A threat to shoot someone in the back of the head, or encouraging others to shoot someone in the back of the head are serious threats...". Exhibit (2) at page 6.

## 7. LEGAL CLAIMS

Plaintiff claims that the Defendants committed a tort of negligence and gross negligence by failing to enforce its own safety policies that requires it to monitor and delete any harmful contents that could endanger another person, or otherwise violate Texas Penal Code.

The Defendants are liable under Texas Tort Law of Negligence when its omissions or acts endangers another person.

The Defendant's own safety policy confers a duty to protct Plaintiff and society from Its customers by prohibiting them to post harmful contents that threatens, bullies, incites violence and to encourage another to harm themself.

The Defendants have been on constructive noticed for a substantial period of time that its customers have and continue to use Facebook to incite violence, threaten others, to encourage others to commit suicide and to post videos of them murdering people or of them committing violent crimes. Therefore, by not taking the appropriate actions to stop its customers from posting harmful contents, it has created an unsafe environment that not only poses a realistic danger to Plaintiff, but also it also puts society in danger because its customers can target anyone in the world and there is essentially no way to prevent an attack especially if the contents provokes a mentally ill person to commit murder or incites a hate group to attack a person.

Terrorist groups have even used Facebook and other social media sites to plot and carry out terrorist attacks. Considering that Facebook is fully aware of these dangers, it should

-----------------

Note: Facebook for years have allowed hate groups to use Facebook to promote hate and to encourage attacks. In addition, it has even been accused of allowing Russia to post fake news to interfere with US elections.

have deleted these attacks. The Defendants have sophisticated technology that allows its employees to monitor what is being posted on Facebook. Because the Defendants failed to enforce its own safety policies or to create safety policies, the Defendants caused Plaintiff a serious injury that caused her severe pain and sufferring.

Plaintiff claims that any reasonable person would have realized that these threats could cause a person serious injury. One to the back of the head, is clearly a threat to murder Plaintiff execution style or encouraging someone to shoot her in the back of her head and or to attack her. In addition, it is obvious that threatening to shoot someone in the back of their head violates Texas Penal code. Furtheremore, Ms. Dias's comments clearly shows that she was encouraging Plaintiff to casterate herself which possibly result in her dying, thus, it clearly violates Texas Penal Code for a prison guard to encourage a prisoner to harm themself.

Plaintiff claims that the Defendants had actual knowledge of these comments and awareness of the extreme degree of risk of serious danger that it posed because Facebook's own safety policies requires it to monitor and delete any post that threatens others or encourage violance, yet it failed to enforce its own safety policies.

Pursuant to V.T.C.A. Civil Practice & Remedies Code § 41.001 (11) Gross negligence means and act or omission: (a) which when viewed objectively from the standpoint of the actor at the time of the occurrance involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (b) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfares of others.

Under Texas Tort law, a Corporation safety policies, or lack of them, can serve as the basis for gross negligence finding. Hall v. Diamond Sharmrock Refining Co., L.P. 82 S.W.3d 5 (Tex.App-San Antonio 2001).

Plaintiff claims that when Facebook or its chief Executive Officiers did not enforce its own safety policies and depleted the attacks on Plaintiff, it was grossly negligent because when viewed odjectively from their view point, it was obvious that a threat to shoot Plaintiff in the back of her head, posed an extreme degree of risk to her, and yet despite the obvious of this risk, they failed to delete it which resulted in Plaintiff being attacked by prison guards and seriously injuring herself due to the constant harassment.

Plaintiff claims that for years Facebook has allowed its customers to use Facebook to attack others or to violate clearly established laws and despite this, it stills allows

its customers to boldly attack people, to incite violence and use their website has a safe haven to commit crimes without taking any true corrective steps to prevent this.

Facebook cannot claim that it was not aware of this fact when it has been put on notice many times that its customers are using Facebook to commit crimes.

Plaintiff claims that if Facebook does not have safety policies in place to prevent its customers from attacking others or violating the law, it was grossly negligent because when it does not limit or restrict what it customers can post on line, it creates a situation where they will do anything which can cause a person serious injuries.

Plaintiff claims that facebook and its C.E.O.'s had actual, subjective awareness of the risk involved in allowing its customer to post threats or to encourage others to harm themselves but nevertheless continued to allow them to attack Plaintiff with conscious indifference to her rights, safety or welfare. The fact that Facebook has been aware of its customers committing crimes online and have failed to stop them, shows that Facebook and its C.E.O.'s have and continue to proceed with conscious indifference to the rigths of others, their safety and welfare.

To allow someone to attack others and not take actions to stop the attacks, is evil and it shows that Facebook does not care what its customers does as long as they pay for Face-book's services.

Plaintiff claims that Facebook and its C.E.O.'s is the "vice Principel" and the acts or omissions of its employees made by not enforcing its own safety policies or creating safety policies that would monitor and delete any contents that harm another or that would violate Texas Penal Code, Placed the liability on Facebook because Facebook hired them, trained them and confided the management of the whole or a division of the business to them. Therefore, under Texas Tort law, the Corporation itself liable. Hammering Oaks, INN. v. Edwards, 958 S.W.2d 387,389 (TEX.1997).

WHEREFORE PREMISES CONSIDERED, Plaintiff request the Court to grant the following relief:

(1) rule that Facebook violated Plaintiff's rights under Texas Tort laws,

(2) Grant Plaintiff one million in compensatory,

(3) Grant Plaintiff 250.000 for emotional and physical injury it caused her,

(4) Grant Plaintiff 500.000 in punitive damages,

(5) Attorney fees and Court cost,

(6) Grant Plaintiff a jury trial.

Respectfully submitted,

Scott L. Gibson

AFFIDAVIT
DC-18-47343

I, Scott L. Gibson hereby swear under penalty of perjury that the following is a true and correct list of her previous law suit history:

I have filed four Federal Rights law suits pursuant to 42 U.S.C. § 1983. These law suits were filed in the following Federal Courts:

1. Plaintiff's first law suit was against UTMB for denying me prescription glasses, and she filed it in the United states District Court-Southern district of Texas. It was denied on its merits on or about 2005.

2. Plaintiff's second law suit was filed against TDCJ's Denist. This suit was also filed in the southern district of Texas, and it was denied on its merits.

3. Plaintiff's third law suit was also filed against UTMB and the Director of TDCJ for dening her a sex change. This suit was filed in the United States district court of Texas-Waco Division, and the Trial court denied it for failure to State a claim. However, Plaintiff appealed it to the 5Th Cir. Court of appeals, and the Court Appointed Plaintiff the university of Virginia School of law to represent her, and the case is depending. See: Scott L. Gibson/Vanessa Lynn v. Bryan Collier, Dr. D. Greene, 5th Cir. court of Appeals-16-51148.

4. Plaintiff's fourth law suit was filed against a TDCJ guard for retaliation . This suit is still pending. The Judge denied the Guards summary judgment motion and denied him qualified immunity, and set a trial date. See Ex. (b).

Plaintiff has never been cited for abuse of writ.

/s/ [signature]
Scott L. Gibson 699888

9:45 FILED CORYELL COUNTY o'clock AM
FEB 13 2018
[signature] DISTRICT CLERK

BECKY MOORE
CORYELL COUNTY DISTRICT CLERK
PO BOX 4
GATESVILLE, TX 76528-0004

ELECTRONIC SCAN REQUIRED

Attention Carrier on Route #C015

This piece is being monitored for Delivery and Scanning accuracy

USPS FIRST-CLASS®

BECKY MOORE
CORYELL COUNTY DISTRICT CLERK
PO BOX 4
GATESVILLE, TX 76528-0004

Zone 2

CORPORATION SERVICE COMPANY DBA
CSC-LAWYERS INCORPORATING SERVICE
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

Non-Machinable Parcel

FIRST-CLASS®

DATED MATERIAL

USPS SIGNATURE TRACKING #

9202 1901 0661 5400 0133 8792 23

47343

Electronic Rate Approved #901066154

IMpbConfirmation11x8FlatLabel v1.2.10.0



BECKY MOORE
CORYELL COUNTY DISTRICT CLERK
PO BOX 4
GATESVILLE, TX 76528-0004
ELECTRONIC SCAN REQUIRED
F
USPS FIRST-CLASS®
BECKY MOORE
CORYELL COUNTY DISTRICT CLERK
PO BOX 4
GATESVILLE, TX 76528-0004
Zone 2
CORPORATION SERVICE COMPANY DBA
CSC-LAWYERS INCORPORATING SERVICE
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218
USPS SIGNATURE TRACKING #
9202 1901 0661 5400 0133 8792 23
Electronic Rate Approved #901066154
NEOPOST
01/31/2019
US POSTAGE $005.21º
ZIP 76528
041M11293585
Delivery and Scanning accuracy
Non-Machinable Parcel
FIRST-CLASS®
DATED MATERIAL
47343
IMpbConfirmation11x8FlatLabel v1.2.10.0

